Filed 9/23/15  P. v. Cordova CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JIMENEZ CORDOVA<br><br>Defendant and Appellant. | H041572<br>(Santa Clara County<br>Super. Ct. Nos. C1241008, C1349169) |

Pursuant to negotiated dispositions in two different cases, defendant Robert Jimenez Cordova pleaded no contest in case No. C1241008 to one count of inflicting corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a),[1] count 1) and one felony count of false imprisonment (§ 236, 237, count 3); and in case No. C1349169, defendant pleaded no contest to one felony count of buying or receiving a stolen vehicle (§ 496d, subd. (a)).

Further, in case No. C1241008, defendant admitted that he had one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and that he had served three prior prison terms within the meaning of section 667.5, subdivision (b).  In both cases, other counts were submitted for dismissal at the time of sentencing; and in case No. C1241008 the prosecutor moved the court to dismiss a great bodily injury enhancement attached to one of those counts.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In exchange for his no contest pleas, in case No. C1241008 defendant was promised a six-year (top/bottom) prison term; and in case No. C1349169 a 16-month prison term to run consecutive to that term.

On August 29, 2014, the court sentenced defendant pursuant to the terms of the negotiated dispositions to seven years, four months in prison—six years for the infliction of corporal injury on a spouse or cohabitant with a concurrent term of four years for the false imprisonment, and one year, four months for buying or receiving a stolen vehicle. The court awarded defendant 1,157 days of custody credit in case No. C1241008. The court imposed various fines and fees in both cases.

Defendant's counsel filed a notice of appeal on October 10, 2014. Thereafter, on November 3, 2014, defendant filed a second notice of appeal and requested a certificate of probable cause. Defendant claimed that he came within provisions of the "ADA Act" and was denied "due process to present evidence of past and present mental health such as brain injurys (*sic*) which [he] could claim 'IDIOCY' as a plea." The court denied the request.

Defendant's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal, and that he could file a supplemental brief with this court.

On May 26, 2015, by letter, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

*Facts*

*Case No. C1241008*[2]

On August 25, 2012, defendant and his wife got into an argument at the house of defendant's mother. Defendant locked the door and threw a slice of pizza at his wife. Then he placed both hands around his wife's neck and applied pressure for approximately five to ten seconds. When his wife said that she wanted to leave, defendant continued to argue with her and tried to strangle her again to the point where she could not breathe and became dizzy. Thereafter, defendant pushed his wife onto the bed, pulled down her pants with one hand and kept the other hand on her neck. Defendant's wife lost consciousness. When she regained consciousness, she asked to leave, but defendant began strangling her again. Eventually, defendant told his wife to take him home, which she did. Defendant's wife went to a friend's house. Later, she reported the incident to the police.

*Case No. C1349169*

There are no details underlying defendant's conviction for buying or receiving stolen property, but counsel stipulated that there was a factual basis for defendant's plea "based on the reports in the court's file."

In both cases, defendant executed an "Advisement of Rights, Waiver, and Plea Form"; and in both cases the court confirmed with defendant that his initials and signature were on the form. More importantly, the court confirmed with defendant that he understood the contents of the forms. In both cases, the court asked defendant if he was taking medication. Defendant said that he did take medication, but that he understood everything that was going on.

At one point during the sentencing hearing, defendant was given the opportunity to address the court. Defendant asked for a stay of execution of his sentence because he had an appointment to see a doctor about his "brain injuries." Defendant claimed that his

---

[2] The facts are taken from the probation officer's report.

attorney had failed to raise "anything" about his "mental health or investigate" his "mental health" issues. The court pointed out to defendant that he had had a *Marsden* hearing on these issues. However, defendant claimed that he was on medication at the time of the hearing. The court asked defense counsel to comment. Defense counsel told the court that the "issues" had been discussed in the *Marsden* hearing. Defense counsel explained to the court that at no point during his time working with his client did he feel in any way that defendant was not able to "understand the nature of what we do and what is taking place." Defense counsel continued, "We had various issues dealing with this case, and I think at every juncture of the case I feel he was able to assist me and has been able to understand the nature of the proceedings and was heavily involved in the negotiation of this particular case, this domestic violence case when it was set for preliminary hearing as well as the plea that was entered . . . on the second case. [¶] As an officer of the court . . . I cannot at this point in time say in any way . . . there's doubt at all." The court accepted defense counsel's explanation and went on to note that "this was a very generous offer by the People, given defendant's criminal history and the fact that the complaining witness was willing to testify."

Upon our independent review of the record, including the transcript of a *Marsden* hearing, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The fines and fees imposed are supported by the law and the facts. Defendant received a legally authorized sentence that was within the terms of the plea agreements. Further, the custody credits the court awarded were calculated correctly.

*Disposition*

The judgment is affirmed.

4

_____

        ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

WALSH, J.[*]

*The People v. Cordova*
H041572

---

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.